IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LEE PINNER, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| LOUIS FOLINO, et al., | : | NO.  06-3988 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                           June     29, 2007

Before the Court for Report and Recommendation is Petitioner Donald Lee Pinner's

(alternatively "Pinner" or "Petitioner") petition for the issuance of a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  He is currently incarcerated at the State Correctional Institute

Greene in Waynesburg, Pennsylvania.[1]  For the reasons set forth below, we find that the petition

is untimely and recommend that it be **DISMISSED** with prejudice.

## PROCEDURAL BACKGROUND[2]

On October 26, 2001, Petitioner was convicted in the Philadelphia County Court of

---

[1] Although Petitioner is not currently a resident of the Eastern District of Pennsylvania,
venue here is proper because his current confinement grew out of a prosecution and conviction
in Philadelphia County.

[2] In preparing this Report and Recommendation, we reviewed the following documents
filed with this Court: Pinner's form Petition for Writ of Habeas Corpus (Doc. No. 1) ("Pet."); his
counseled form Petition for Writ of Habeas Corpus ("Am. Pet.") and counseled Memorandum of
Law in Support of his Amended Federal Habeas Corpus Petition ("Pet'r Br.") (Doc. No. 9); the
District Attorney's Response to Petition for Writ of Habeas Corpus (Doc. No. 17) ("Resp."); and
Petitioner's Reply Brief to the Commonwealth's Answer (Doc. No. 18) ("Pet'r Reply").  We
also have consulted, as necessary, the state court record received from the Philadelphia Clerk of
Quarter Sessions ("State Ct. Rec.").

Common Pleas of aggravated assault, kidnapping, criminal conspiracy, false imprisonment, unlawful restraint, and possessing an instrument of crime.  (Am. Pet. at 5).  The court sentenced Petitioner on December 12, 2001 to a period of ten to twenty years incarceration for aggravated assault followed by a consecutive sentence of ten to twenty years incarceration for kidnapping and twenty years probation for criminal conspiracy.  (Am. Pet. at 5).  On December 9, 2002, the Superior Court of Pennsylvania affirmed Petitioner's conviction.   Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.  (Am. Pet. at 6).

On June 24, 2003,[3] Pinner submitted a petition in the Court of Common Pleas seeking relief under the Pennsylvania Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541 *et seq.* ("PCRA").  (State Ct. Rec.).  Counsel entered an appearance and submitted a new petition on December 11, 2003.  Although found to be timely, his petition was denied on the merits by order entered on April 27, 2004.  (State Ct. Rec.).  The Superior Court of Pennsylvania affirmed and the Pennsylvania Supreme Court denied allocator on September 21, 2005.  (Resp. at 2).

Pinner initiated this habeas corpus action, *pro se*, on September 1, 2006.[4]   He

---

[3] The District Attorney's Response indicates that Pinner "filed a petition in accordance with" the PCRA on "July 14, 2003."  (Resp. at 2.)  Our review of the state court record reveals that while the PCRA petition was received by the state court for docketing on July 14, 2003, it was mailed to the court in an envelope bearing a postmark of June 26, 2003.  While the state court retained only the postmark and not the entire envelope, we think it is fair to assume that the PCRA petition was mailed to the court by Pinner from prison.  Pursuant to Pennsylvania's prison mailbox rule, his petition is deemed filed at the time he delivers it to prison officials for mailing to the court.  *See Commonwealth v. Castro*, 766 A.2d 1283 (Pa. Super. Ct. 2001).  We will presume that to be the date he affixed near his signature at the end of the PCRA petition — June 24, 2003 — in the absence of any conclusive evidence that he transmitted his petition to prison officials at a later date.

[4] Again, while Respondent notes that this habeas petition was docketed on September 7, 2006, we recognize that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  *Burns v. Morton*, 134 F.3d 109, 133 (3d Cir. 1998).  Pinner's original petition is dated September 1, 2006, at which time he was

subsequently retained counsel, who filed an amended habeas petition on December 19, 2006.
The amended petition identifies two grounds on which Petitioner argues the court should grant
relief.  First, Petitioner claims he was denied his Fourteenth Amendment right to due process
because he never had a meaningful appellate review of his convictions due to the state courts'
conclusion that he waived all appellate claims when trial counsel failed to properly file a timely
1925(b) statement.  (Am. Pet. at 10).  Second, he claims he was denied his Sixth and Fourteenth
Amendment rights because his PCRA counsel failed to properly frame his issues in terms of
ineffective assistance of trial counsel.  (Am. Pet. at 10).

Respondent asserts in its answer to the amended petition that Pinner's action is time-
barred and should be dismissed.  (Resp. at 2).  Pinner's reply to Respondent's answer sets forth
three arguments justifying the untimely filing of his habeas petition.  First, he alleges that his
petition was untimely because prior counsel never told him about the possibility of filing a
habeas petition after the Pennsylvania Superior Court affirmed Pinner's conviction.  (Pet'r Reply
at 1-2).  Second, Pinner alleges he was deprived of his legal materials while he was in "the hole"
(restrictive or administrative prison custody) for a period of time "believed to be April to
September" 2006, thereby preventing him from being able to file his petition until his release
from "the hole."  (*Id*. at 2).  Third, he asserts that denying him the opportunity to have his claims
reviewed on the merits would constitute a "manifest injustice" because he "would never have
had what constitutional due process at a minimum requires- an appellate review of his claims."
(*Id.* at 2-3).  For the reasons set out within, however, we cannot agree.

---

*pro se*.  We presume that he delivered the petition to prison officials for mailing on the day he
executed the petition in the absence of any evidence to the contrary.  We thereby credit him with
a filing date of September 1, 2006.

## DISCUSSION

**A.**     **Commencement of the Limitation Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation for the filing of an application for a writ of habeas corpus.  *See* 28 U.S.C. § 2244(d)(1).  The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

We find that only subsection (A) of 2244(d)(1) is applicable to the facts of this case in determining when the AEDPA limitation period begins to run.[5]   A defendant's conviction becomes final under subsection (A) at the expiration of his time for seeking review of the

_____

[5] This action does not appear to implicate an alternative state date under Section 2244(d)(1)(B), (C), or (D), nor does Pinner suggest that these subsections apply.

4

judgment of sentence.  *See LaCava v. Kyler*, 398 F.3d 271, 273 (3d Cir. 2005).  In this case, Pinner did not seek Pennsylvania Supreme Court review after the Superior Court affirmed his conviction on December 9, 2002.  (Pet. at 5).  His conviction therefore became final thirty days later on January 8, 2003.  *See* Pa. R. App. P. 1113(a).  As a result, the statute of limitations on his federal habeas corpus petition began to run on that date and expired one year later on January 8, 2004, unless this deadline was subject to statutory or equitable tolling.  *See Jones v. Morton*, 195 F.3d 154, 158 (3d Cir. 1999).

       **B.**    **Statutory Tolling**

      We next evaluate Pinner's petition to determine whether he is entitled, by statute, to the benefit of tolling of the AEDPA limitations period.  Section 2244(d)(2) provides for the tolling of the one-year AEDPA limitations period for the period of time "during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Accordingly, the statute was tolled when Pinner delivered his state post-conviction petition to prison officials on June 24, 2003 for mailing to the court, and remained tolled until September 21, 2005, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.  The statute of limitations began to run again on September 22, 2005.  Since Pinner waited 166 days to initiate PCRA proceedings after his conviction became final on January 8, 2003, he had 199 days left to file his habeas petition after the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 21, 2005.  Pinner therefore had until April 10, 2006 to file his habeas petition in a timely manner.  By waiting until September 1, 2006, however, Pinner's petition was untimely even when the statutory tolling concomitant with the PCRA petition process is taken into consideration.

C.    **Equitable Tolling**

Finally, we evaluate Pinner's petition to determine whether he is entitled to the benefit of equitable tolling of the AEDPA limitations period.  A habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period. *See Jones*, 195 F.3d at 159.  Equitable tolling is proper only when the "principles of equity would make the rigid application of a limitation period unfair." *Shendock v. Director, Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990).  This "unfairness" generally occurs when the petitioner has "in some extraordinary way … been prevented from asserting his or her rights." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).  Finally, in addition to demonstrating extraordinary circumstances, a petitioner must also show that he exercised reasonable diligence in attempting to investigate and bring his claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[6]

Pinner first suggests that his failure to receive substantive appellate review of his conviction due to earlier attorney ineffectiveness constitutes an extraordinary circumstance warranting equitable tolling.  (Pet'r Br. at 4).  Pinner argues that "it would constitute manifest injustice" to deny his petition because he never had an appellate review of his claims.  (Pet'r

---

[6] The Supreme Court has not affirmatively held that equitable tolling principles apply to habeas petitions brought under Section 2254.  *See Pace*, 544 U.S. at 418 n.8.  In other contexts, however, the Court has suggested that equitable tolling may be appropriate when a claimant received inadequate notice of his right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citing appellate cases).  The Third Circuit has also recognized that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).  Pinner's papers demonstrate that his asserted basis for equitable tolling is the "extraordinary circumstances" scenario.  (*See, e.g.,* Pet'r Br. at 4.)

Reply at 2.  *See also* Pet'r Br. at 4).  Since this argument addresses the merits of Pinner's habeas petition rather than a reason for his untimely filing, however, we do not reach this issue.

Pinner next asserts that prior counsel erred in failing to apprise him of the possibility of filing a habeas petition and of the impending deadline associated with this form of appeal.  (Pet'r Br. at 5; Pet'r Reply at 1-2).  He likens counsel's latter omission to a situation where an attorney "discharg[es] a case without telling the client that their statutes of limitations will expire on a certain date."  (Pet'r Reply at 1).  Pinner suggests, therefore, that the failure of attorneys who previously represented him to advise him of the possibility of relief under Section 2254 and the time restrictions for doing so constituted an extraordinary circumstance which prevented him from initiating this action in a timely fashion.  We disagree.

We note that Pinner cites no authority in support of his proposition that this scenario constitutes extraordinary circumstances warranting the use of an equitable doctrine, which our court of appeals instructs that we must use only sparingly.[7]  *See, e.g., Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239, 240 (3d Cir. 1999).  As the Third Circuit Court of Appeals has observed with respect to habeas cases, "[g]enerally, in a non-capital case . . . , attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."  *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 1999) (citing *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002)).  *See also id.* at 77 (demonstrating reluctance to read cases

---

[7] We also note that Pinner's submissions do not identify when the AEDPA limitations period expired in his case but rather simply ask that the petition "be considered timely under the concept of 'equitable tolling.'" (Pet'r Br. at 3.)  He asserts that "extraordinary circumstances stood in his way from timely filing the instant petition," (*id.* at 4), but appears to discuss these concepts in something of a vacuum, without any rigorous analysis as to *when precisely* he was confronted with extraordinary circumstances and how those circumstances *prevented* his timely filing.

upon which petitioner relied as holding that "attorney malfeasance, standing alone, warrants equitable tolling").  *Cf. Seitzinger*, 165 F.3d at 241 (finding situation in which counsel in employment discrimination suit "affirmatively lied to his client," assuring her he had filed complaint when in fact he had not, could constitute extraordinary circumstances).[8]  Similarly in *Brown v. Shannon*, 332 F.3d 768 (3d Cir. 2003), the petitioner alleged that the limitations period should be equitably tolled for a period of time because his attorney advised him to forgo further state appeals and instead pursue federal habeas relief, advice that he followed and which resulted in him procedurally defaulting certain claims.  The Third Circuit held, however, that inasmuch as the attorney's advice "may have been unsound, his negligence in giving that advice is an insufficient basis for equitable tolling."  *Id.* at 774.  *See also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances required for equitable tolling"').  Given these cases, we cannot say that prior counsel's failure to alert Pinner to the possibility of seeking habeas relief, which Pinner apparently contends left him completely ignorant of the availability of such relief, constitutes extraordinary circumstances.  *See also Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* prisoner,

---

[8]  The court in *Seitzinger* agreed that "the mere fact that counsel failed to file the complaint in a timely manner probably constitutes garden variety neglect," which the Supreme Court has warned should not give rise to equitable tolling in the context of such employment discrimination claims. 165 F.3d at 241.  The court distinguished the facts of *Seitzinger*, however, in light of counsel's "affirmative misrepresentations to his client about the very filing at issue." *Id.*  The court in *Seitzinger* also appeared satisfied that the plaintiff demonstrated sufficient diligence in investigating and bringing her claim, citing her calls to her attorney and requests for information about how he was progressing with the civil action that she retained him to initiate on her behalf. *Id.*

generally does not excuse prompt filing.").[9]

Finally, Pinner suggests that he was unable for a period of time to file his petition in a more timely manner because he was "housed in 'the hole' (restrictive or administrative prison custody)" for a period of time "believed to be April through September" of 2006, during which time he was deprived of "the legal materials which he would need to have drafted and filed the Petition for Writ of Habeas Corpus." (Pet'r Reply at 2).[10]  Pinner appears to suggest that his time spent in restrictive custody, where he "was effectively denied access to the courts," served as an extraordinary circumstance which prevented him from filing his habeas petition before the statute of limitations had run.  (*Id.* at 2).  Pinner's own submissions, however, belie his contention that this circumstance accounts for his untimely filing.  Although Pinner may have been in "the hole" shortly before the AEDPA period had run, he did not first learn about the possibility of filing a habeas petition until at least May 2006,[11] which was *after* the deadline had

_____

[9] In *Fisher*, the petitioner did not receive notice in prison of the enactment of AEDPA and its imposition of a statute of limitations until forty-three days after AEDPA's effective date and sought a corresponding extension of the limitations period.  The court was reluctant to toll the statute on an equitable basis in part because, even after learning of the AEDPA limitations period, the petitioner had 322 days to complete his petition.  *Id.* at 715.  The Court of Appeals also, however, expressed that it was "wary" of finding that "ignorance of the law, even for an incarcerated *pro se* petitioner" would excuse prompt filing, citing cases within that circuit that held that "lack of knowledge of the filing deadlines" and "lack of representation" did not justify equitable tolling.  *Id.* at 714 & n.13.

[10] We note that, although the need to make a case for equitable tolling was apparent to counsel at the time she submitted the amended petition and memorandum of law in support thereof on December 19, 2006, Pinner's papers do not appear to refer to his housing in "the hole" during 2006 until he filed his counseled reply brief on May 21, 2007.  Pinner has not submitted any documentary evidence of the dates on which he was admitted to or was discharged from "the hole."

[11] *See, e.g.,* Pet'r Br. at 5 (asserting that Pinner's family "advised Petitioner sometime in May 2006 that he could possibly try to avail himself of the relief potentially offered by the federal courts pursuant to a federal habeas corpus petition"); Pet'r Reply at 2 ("It was not until

passed on April 10, 2006.  The Third Circuit has noted that a petitioner must establish a "link of causation between the extraordinary circumstances and the failure to file."  *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).  In this case, however, no such link exists: Pinner's detention in the hole could not have *prevented* him from timely filing his habeas petition in light of the fact that the AEDPA limitation period had already expired by the time Pinner allegedly first learned about the possibility of filing a habeas petition.[12]

Having found that Pinner's ignorance of the possible availability of federal habeas relief does not constitute extraordinary circumstances and that his period of time allegedly spent in "the hole" was not the factual cause of his failure to file a petition by April 10, 2006, we therefore conclude that there is no reason to equitably toll the AEDPA limitations period.[13]

---

Petitioner's family sought the advice of the National Legal Professional Associates at the Robinson Advocacy Center in Cincinnati, Ohio sometime in May 2006 that he first learned that he could possibly try to avail himself of the relief offered by the federal courts pursuant to a federal habeas corpus petition.").

[12] We note also that, although Pinner suggests that he lacked access to "the legal materials which he would need to have drafted and filed the Petition for Writ of Habeas Corpus" during a time period that his attorney "believe[s]" extended from "April through September" of 2006 (Pet'r Reply at 2), Pinner's initial *pro se* habeas petition is dated September 1, 2006 and was received in the mail by September 7, 2006.  We find it somewhat incredible that Pinner was released from the hole (and thereby presumably regained access to his legal materials) on the first of September and, *that very day*, was able to obtain this Court's standard Section 2254 petition form and complete it in its entirety.

[13] In light of our conclusion that Pinner has not demonstrated that extraordinary circumstances prevented his timely filing, it is not necessary for us to consider whether he otherwise exercised reasonable diligence in pursuing his claim.

### CONCLUSION

The statute of limitations for bringing the claims raised in this petition expired four and a half months before Pinner's September 1, 2006 filing.  Petitioner failed to file his petition prior to the April 10, 2006 expiration of the statute of limitations and has not demonstrated that he is entitled to any equitable tolling of the limitations period as to render his petition timely.  For this reason, we are unable to recommend that he be granted the requested relief.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  In a case such as this, where we have found the petition is procedurally defective, a COA is not warranted unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.  For the reasons set forth above and in light of the clear authorities, we do not believe a reasonable jurist would conclude that the Court would be incorrect in dismissing the present petition.  Accordingly, a COA should not issue.

Our Recommendation follows.

11

**RECOMMENDATION**

**AND NOW** this   29th      day of June, 2007, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 2244(d), the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE**.  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that a reasonable jurist would debate the correctness of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

BY THE COURT:


 /s/ David R. Strawbridge_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE