IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LEE PINNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, ET AL. | : | NO. 06-3988 |

**O R D E R**

**AND NOW,** this 31st day of July, 2007, upon careful and independent consideration of the

Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 9), and after

review of United States Magistrate Judge David R. Strawbridge's Report and Recommendation (Doc.

No. 19), and consideration of Petitioner's Objections to the Magistrate Judge's Report and

Recommendation (Doc. No. 20), **IT IS HEREBY ORDERED** that:

1.      Petitioner's Objections are **OVERRULED**;

2.      The Report and Recommendation of Judge Strawbridge is **APPROVED** and

        **ADOPTED**;[1]

3.      The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is

        **DENIED**;

---

[1]Petitioner's Objections to the Magistrate Judge's Report and Recommendation present no new issues and arguments.  Rather, Petitioner re-argues that his habeas petition should be deemed timely under equitable tolling principles, even though it was filed after the expiration of the one year period of limitation in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). Specifically, Petitioner maintains that equitable tolling is appropriate because (1) his prior counsel failed to advise him of his constitutional right to file a habeas petition, and he did not learn of that right until after the one year period of limitation had expired; (2)  he was "in the hole," without access to legal materials, when he learned of his right to pursue habeas relief; and (3) he has never received any substantive appellate review of his conviction due to the ineffectiveness of his prior appellate counsel. However, as the Magistrate Judge correctly explains in his Report and Recommendation, none of these circumstances amount to "extraordinary" circumstances warranting equitable tolling under Third Circuit and Supreme Court precedent.   Accordingly, we adopt the Magistrate Judge's Report and Recommendation and deny Petitioner's Petition.

4.      Because the Petitioner has failed to make a substantial showing of the denial of a

constitutional right, the Court declines to issue a certificate of appealability under 28

U.S.C. § 2253(c)(2); and

5.      The Clerk shall **CLOSE** this case statistically.

BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.